UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2022 NOV 14  PM 12: 25
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | |
|---|---|
| BRANDON CALLIER, | § § § |
| Plaintiff, | § § |
| v. | § § EP22CV0423 |
| TINA FORTE FOR CONGRESS a New York Non-profit/charitable corporation | § § § |
| Defendants. | § § § |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, BRANDON CALLIER, brings this action against Defendants TINA FORTE FOR CONGRESS and alleges based on personal knowledge and information, and belief, as follows:

PRELIMINARY STATEMENT:

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. . . . For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff Brandon Callier ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant TURNING POINT USA, INC. sent a series of automated text messages for the purposes of commercial solicitation by

contacting Plaintiff's cellular telephone number without prior express written consent, which is prohibited by the TCPA.

3. Plaintiff never consented to receive any of these automated text messages.

## PARTIES:

4. Plaintiff is BRANDON CALLIER ("Plaintiff"), a natural person, who resides in El Paso, Texas, and is a citizen of the State of Texas, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was a resident of Texas during the calls, in this case in El Paso County, Texas.

5. Defendant TINA FORTE FOR CONGRESS ("Forte") is a political action committee registered with the United State FEC Identification Number C00782581. Its custodian of records and treasurer is Thomas Datwyler, 455 Carriage Lane, Hudson WI 54016. The Committee can be served at its registered address of 455 Carriage Lane, Hudson WI 54016.

## JURISDICTION AND VENUE

6. **Jurisdiction**. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Ser's., LLC*, 565 U.S. 368, 372 (2012).

7. **Personal Jurisdiction**. This Court has specific personal jurisdiction over the defendants because they have repeatedly placed text messages to Texas residents and derive revenue from donation solicitation to Texas residents, including the Plaintiff. Defendants maintain offices in this District and operate their business within this district.

8. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims of the texts and services directed at Texas residents, including the Plaintiff occurred in this District and because the Plaintiff was residing in

the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

## Statutory Background

### The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

## FACTUAL ALLEGATIONS

**18.** Defendant Forte is a registered nonprofit/charitable organization under IRS code 501(c)(3).

**19.** Defendant Forte uses automated text messages to reach the maximum number of potential donors to their campaign.

**20.** Plaintiff never gave Defendants his phone number or prior express written consent to receive text messages.

**21.** Plaintiff has no affiliation with either the Republican or Democrat party.

**22.** Plaintiff has never been a New York resident, has never been registered to vote in New York or has never had New York area code.

**23.** Plaintiff had never heard of Tina Forte prior to receiving the text messages. The text messages were not targeted to Plaintiff and could have reached anybody in the United States.

**24.** Defendants text messages were sent to millions of unwitting recipients.

**25.** Plaintiff personally successfully registered his phone number ending in -4604 on the National Do Not Call Registry in December 2007.

**26.** Text messages with "Replystop" (or some variation) are indicative of text message sent via automated means that use automation to press "STOP" request.

**27.** On September 16,2022, Plaintiff received the first automated messages from Defendant. The text displayed the number 915-505-5491 on Plaintiff's caller identification. The text message was not addressed to Plaintiff and ended with "ReplySTOPtoEnd."

**28.** Plaintiff received 3 additional automated messages from Defendant. Each and every automated message came from a spoofed caller ID solicitating for donations that ended with "ReplySTOPToEnd"

5

29. On November 7, 2022, Plaintiff called each and every phone number to help verify the culprit behind the automated text messages but was met with "busy tone" beeps or disconnected telephone lines.

30. Defendant routinely violates the TCPA as a part of their donation solicitation model and knowingly and willfully commit TCPA violations.

31. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with a phone number ending in 4604.

32. At all times material hereto, Plaintiff was the subscriber of the telephone number ending in 4604 and paid his cell phone bill through Verizon Wireless.

33. Plaintiff's phone number is his personal cell phone number and is not used as a business telephone number.

34. Table A below displays the calls and text messages made to Plaintiff by Defendants.

TABLE A:

| Call: | Date: | Caller ID: | Time: | Outcome: |
|---|---|---|---|---|
| 1 | 09/16/2022 | 915-505-5491 | 9:26 AM | Automated Text |
| 2 | 10/07/2022 | 915-505-5756 | 9:27 AM | Automated Text |
| 3 | 10/21/2022 | 915-505-5520 | 2:04 PM | Automated Text |
| 4 | 10/28/2022 | 915-505-5532 | 2:55 PM | Automated Text |

35. Plaintiff has never had an established business relationship with Defendant and has never requested information from Defendant.

36. Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

37. Plaintiff received the text messages on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with Verizon Wireless as a cellular telephone number and is used for personal purposes.

38.     These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

39.     Defendants' automated texts are not exempt from 47 U.S.C. 227(b) because they were not made for emergency purposes.

40.     Defendants' calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

41.     Defendants' calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

42.     In summary, Plaintiff received four (4) automated texts from Defendants to Plaintiff's personal cell phone number which is registered on the National Do-Not-Call list.

## DEFENDANTS' USE OF AN ATDS

43.     The text messages were sent using an Automatic Telephone Dialing System ("ATDS")' As the Supreme Court recently clarified, the key feature of an ATDS is the capacity to store numbers to be called using a random or sequential number generator or to produce numbers to be called using a random or sequential number generator. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).

44.     The inclusion of "ReplySTOPToEnd" in the text messages is an indication that the messages sent by Defendants utilized an automatic telephone dialing system. It supports the inference that Defendants used an ATDS, such as on which "use[s] a random [or sequential] number generator to determine the order in which to pick phone numbers from a pre-produced list.' *Facebook*, 141 S. Ct. at 1171 n.7.

45.     No facts exist here to support the conclusion that Defendant were texting from a curated list of their past customers or donors. Plaintiff had no prior relationship with Defendants.

**46.** The text messages were sent *en masse* to many individuals and were pre-written and not personalized in nature. Plaintiff has never provided his consent to be called or texted to Defendants.

**47.** Plaintiff is ignorant of the exact process by which the system(s) used by the Defendants operates other than drawing the reasonable inference and making the allegation that it stores or produces telephone numbers randomly or possibly sequentially based on the facts ascertainable from the text received by Plaintiff, as outlined above. Further, Plaintiff believes that the Defendants' system(s) has the ability to produce randomly generated caller identifications to spoof local numbers and trick consumers into thinking local entities are responsible for the phone calls.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

**48.** Defendant calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

**49.** Defendant calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

**50.** Defendant calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

**51.** Defendant calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

**52.** Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### Plaintiff's Cell Phone is a Residential Number

53.    The calls were to Plaintiff's cellular phone ending in 4374 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 15 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Violations of the TCPA, 47 U.S.C. § 227(b)(1), by Automated Text Messaging Without Prior Express Written Consent**
**(Against All Defendants)**

54.    Plaintiff incorporates and realleges by reference each and every allegation set forth in the preceding paragraphs.

55.    Defendants violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency automated text messages to Plaintiff's cellular telephone number using an ATDS without prior express written consent.

56.    Plaintiff is entitled to an award of $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

57.    Plaintiff is entitled to an award of $1,500 in damages for each knowing and/or willful violation. 47 U.S.C. § 227(b)(3).

58. Plaintiff is also entitled to and does seek an injunction prohibiting Defendants from violating the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency telemarketing calls and/or text messages to any cellular telephone number using an ATDS without prior express written consent.

## I. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendants jointly and severally as follows:

A. Leave to amend this Complaint to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1500 per text in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for four (4) texts.

E. An award to Plaintiff of damages, as allowed by law under the TCPA;

F. An award to Plaintiff of pre-judgment and post-judgment interest, and costs, as allowed by law and equity;

G. Cost of suit herein incurred; and

H. Such further relief as the Court deems necessary, just, and proper.

November 14, 2022,                                       Respectfully submitted,

                                                         /s/ Callier

                                                         Brandon Callier
                                                         Plaintiff, Pro Se
                                                         6336 Franklin Trail
                                                         El Paso, TX 79912
                                                         915-383-4604

I. **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: November 14, 2022

_____

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604